UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI RAZAQI,<br><br>        Plaintiff,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>        Defendant. | CASE NUMBER: 1:20-cv-1705-GSA<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

    Pursuant to the scheduling order (Doc. 5), within 20 days thereof Plaintiff was directed to serve on the defendant the summons, complaint, the notice and form of consent to proceed before a magistrate judge (Doc. 5-2), a copy of the scheduling order (Doc. 5), and to file return of service with this Court. Plaintiff was also directed to complete and file the consent/decline form (Doc. 5-2) by March 8, 2021.

    On April 12, 2021, the Court entered an order advising Plaintiff that the above deadlines were in effect notwithstanding the entry of the stay and instructed Plaintiff to file and serve the above documents within 20 days. Plaintiff did not do so, and the Court entered an order to show cause on May 13, 2021. Doc. 8.

    Plaintiff filed the consent/decline form on May 24, 2021. Although Plaintiff's partial compliance with the order to show cause is appreciated, Plaintiff still **has not a filed proof of service** confirming that she served the above-referenced documents on Defendant.

    Pursuant to Local Rule 110, "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson*

*v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, by June 16, 2021 Plaintiff is **DIRECTED** to file a written response as to why this case should not be dismissed for failure to prosecute.  Alternatively, Plaintiff may serve the required documents on Defendant and file a proof of service by June 16, 2021

If no response is forthcoming on or before June 16, 2021 the Court will enter findings and recommendations to dismiss this action for failure to prosecute.

IT IS SO ORDERED.

Dated:   **June 1, 2021**                                    /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE